MAKAR, J.,
concurring with opinion.
I concur in affirmance, but with much reluctance for many of the reasons expressed by Judge Wetherell. If this case had arisen prior to R.J. Reynolds Tobacco Co. v. Townsend, 90 So.3d 307 (Fla. 1st DCA 2012), review denied, 110 So.3d 441 (Fla.2013), and review dismissed, 110 So.3d 442 (Fla.2013) (Townsend I), it would be exceptionally difficult to justify the $10 million award for non-economic damages under the statutorily-required “close scrutiny” spelled out in section 768.74(3), Florida Statutes (“It is the intention of the Legislature that awards of damages be subject to close scrutiny by the courts and that all such awards be adequate and not excessive.”). As noted in Townsend I, the applicable statutory “criteria include whether the award is ‘supported by the evidence,’ whether the award ‘bears a reasonable relation to the amount of damages proved and the injury suffered,’ and whether the amount of the award is ‘indicative of prejudice, passion, or corruption’ on the part of the jury.” 90 So.3d at 311 (quoting portions of section 768.74(5), Florida Statutes).
The record evidence here, absent Townsend I, would not meet the statutory criteria that the award is “supported by the evidence” and that it bear “a reasonable relationship” to the harm proven. The primary evidence the jury heard about Mr. Smith’s non-economic losses was limited to just four pages of testimony from him and his wife. Mr. Smith was 80 years old at the time his case went to trial and lived some twenty years after his 1992 surgery.[13] He retired at age 60 from his job of thirty years with the State of Florida, but he continued a fulfilling working career as a minister in his church until roughly around 2006 or 2007. Admittedly, his testimony was limited by agreement of the parties due to his diminishing mental capacity, but in that limited testimony, Mr. Smith testified that he was able to do “most of the things” he had done before the surgery. He did not specify what he could no longer do because of his smoking-related injury (versus limitations due to his advancing age generally); when questioned about his abilities following his 1992 lung surgery, his wife testified only generally saying that he “wasn’t able to do the same things” as before (such as walks around the block or bowling) and that the *21 couple was unable to have the “same type of intimate relationship” as before.
Applying “close scrutiny” to this Spartan record raises the proverbial judicial eyebrow, which soon recedes — as Judge Wetherell’s reflections suggest — because Townsend I and like decisions have wearied the shock to the collective judicial conscience of large jury awards; a form of judicial innumeracy and ennui takes hold. No doubt Mr. Smith proved entitlement to significant non-economic damages, but the reasonableness of a $10 million award in this case (which is $500,000 a year or about $1870 daily) is not immediately apparent on this slender record. Because it is within the “outer limits” set by Townsend I, however, we are obliged to affirm.

.On September 25, 2012, R.J. Reynolds notified this Court that Mr. Smith died during the pendency of this appeal.